**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| G.G.; et al., | No. 19-35345 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-01941-JCC |
| v. | |
| VALVE CORPORATION, a Washington corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted March 6, 2020
Seattle, Washington

Before: IKUTA and R. NELSON, Circuit Judges, and OLIVER,[**] District Judge.

The plaintiffs (parents and their teenage children) appeal from the district

court's final judgment in favor of Valve Corporation. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

9 U.S.C. § 16(a)(1)(D) and 28 U.S.C. § 1291, and we affirm in part and vacate in part.

To the extent the parents allege claims in their individual capacities, the district court erred in compelling the parents to arbitrate those claims. The parents are not signatories to the Subscriber Agreement, and they are not bound by it based on equitable estoppel because they did not seek to exploit it by enforcing it. *See Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045–46 (9th Cir. 2009). First, rather than seeking to enforce the Subscriber Agreement, the parents sought to have it declared "invalid as to all minors under the age of 18 and all Valve users under the age of 21 who first entered into the Subscriber Agreement when they were under the age of 18." Second, the parents did not pursue claims based on provisions of the Subscriber Agreement but rather brought claims sounding in tort or based on statutory violations. *Cf. Townsend v. Quadrant Corp.*, 268 P.3d 917, 922 (Wash. 2012) (en banc). Because the parents are not bound by the arbitration agreement, and a district court can confirm an arbitral award only against parties who "have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration," 9 U.S.C. § 9, the district court erred when it entered judgment on the claims that the parents brought in their individual capacities. Those claims, to the extent they are viable, must proceed in court.

2

The district court did not err in entering judgment on the claims the parents brought on behalf of their teenage children. The plaintiffs failed to show that the arbitration agreement itself is unenforceable based on waiver, *see Mike M. Johnson, Inc. v. Cty. of Spokane*, 78 P.3d 161, 166 (Wash. 2003), equitable estoppel, *see Mundi*, 555 F.3d at 1045–46, or public-policy grounds, *see Tjart v. Smith Barney, Inc.*, 28 P.3d 823, 831 (Wash. Ct. App. 2001). And the teenagers clearly and unmistakably agreed to arbitrate questions of arbitrability because the arbitration agreement incorporates AAA rules. *See Galilea, LLC v. AGCS Marine Ins. Co.*, 879 F.3d 1052, 1062 (9th Cir. 2018); *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).[1] The parties' degree of sophistication does not change this conclusion because, under Washington law, "[c]ourts presume that parties to an agreement have read all parts of the entire contract and intend what is stated in its objective terms," *W. Coast Stationary Eng'rs Welfare Fund v. City of Kennewick*, 694 P.2d 1101, 1104 (Wash. Ct. App. 1985), and "[c]ontractual language must . . . be interpreted in light of existing . . . rules of law," *Tanner Elec.*

---

[1] To the extent the district court's earlier holding that the teenagers' claims fell "within the scope of the SSA arbitration agreement" conflicts with its later holding that the parties agreed to arbitrate questions of arbitrability, the district court appropriately revised its earlier holding before the entry of final judgment. *See* Fed. R. Civ. P. 54(b); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019).

*Co-op. v. Puget Sound Power & Light Co.*, 911 P.2d 1301, 1310 (Wash. 1996) (en banc).[2] Therefore, the district court did not err in reviewing the arbitrators' rulings under 9 U.S.C. § 10(a)(4), *see Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013), and upholding their rulings both as to the scope of the arbitration agreement and the merits of the teenagers' claims, *see Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) (citation omitted). Finally, because the arbitrators did not order any relief but merely denied the teenagers' claims, we reject the plaintiffs' argument that the arbitrators ordered relief that is contrary to Washington public policy. *Cf. Stead Motors v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1212–13 (9th Cir. 1989). Accordingly, we affirm the judgment to the extent it dismissed the claims the parents brought on behalf of their teenagers.

**AFFIRMED IN PART; VACATED IN PART**.[3]

---

[2] The plaintiffs' argument that it is difficult to find the relevant AAA rules may support a claim of procedural unconscionability, *see Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 760 (Wash. 2004) (en banc), but it is not relevant to determining the scope of a contract under Washington law. And because the plaintiffs abandoned their procedural unconscionability claim on appeal, we do not address the claim. *See* Fed. R. App. P. 28(a)(8)(A); *United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006).

[3] Each party shall bear its own costs on appeal.